SPALDING *vs.* VANDERCOOK.

THIS was an action of assumpsit, tried at the Rensselaer circuit, in January, 1827, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The declaration contained a count of payee against maker on a promissory note for $131, dated 15th August, 1826, payable 1st January, 1827, and also the common money counts. The defendant pleaded *non assumpsit* as to all the promises, &c. in the declaration mentioned, except as to the sum of $89, parcel, &c. and as to that sum, a *tender* before suit brought. The plaintiff replied confessing the tender as to the $89, and accepting the same, and joining issue as to the residue. To the plea of the defendant was attached a general notice of set-off, and a special notice of matter intended to be given in evidence, viz. that the consideration of the note declared on was the making of a quantity of provision barrels by the plaintiff for the defendant, under an agreement to manufacture the same so that they would pass inspection under the law regulating the inspection of beef and pork; that a portion of the barrels were manufactured in an unskilful manner, and not in compliance with the terms of the contract, whereby the defendant lost the sale of the same.

On the trial of the cause, the note declared on was read in evidence. A certified copy of a rule of court was produced, giving leave to the defendant to bring into court the sum of $89, and ordering that unless the plaintiff accepted the same in full discharge of his suit, the amount be struck out of the declaration and paid to the plaintiff, and that upon the trial of the issue, the plaintiff should not be permitted to give evidence for the same. The plaintiff accepted the money, and after deducting it and an endorsement on the note, the balance remaining due was shewn to be $39,36.

The defendant then offered to prove the facts set forth in his notice, and to shew that the plaintiff was indebted to him.

*Payment of money into court admits the cause or causes of action stated in the declaration to the amount paid in, but nothing more, and beyond that amount, the defendant may make his defence. So it was held in a case where the declaration contained a count on a promissory note and the common money counts, and the money was paid in generally.*

*The partial failure of the consideration of a note may be given in evidence to reduce the amount of the plaintiff's recovery.*

The plaintiff's counsel objected, that under the state of the pleadings, the defendant was not entitled to give any evidence, which objection was sustained by the judge, and the jury, under his direction, gave a verdict for the plaintiff, for the amount claimed.

*J. L. Viele*, for defendant, moved to set aside the verdict, He cited 1 *Chitty*, 548.    10 *Mass. R.* 416.    8 *Cowen*, 31. 13 *Johns. R.* 302.

*H. P. Hunt*, for plaintiff, contended that the defendant, having plead a tender *generally*, and not as to any particular count in the declaration, he had admitted the note declared on, and was not at liberty to give evidence to reduce the amount thereof by a set-off, or by shewing a breach of a contract on the part of the plaintiff.    (1 *Dunlap's Pr.* 423, 4. 2 *Bos. & Pul.* 550.   2 *East*, 128.   9 *id.* 325.   3 *Taunton*, 95. 3 *Starkie's Ev.* 1397.    *Peake's C.* 15.)    The objection to the evidence is, that the defendant, having acknowledged the contract as set forth in the declaration by the plea of tender, cannot by proof deny it,

*By the Court*, SAVAGE, Ch. J.    This case presents two points : 1. Whether the partial failure of consideration can be given in evidence, to reduce the amount of the plaintiff's recovery, and  2. Whether the payment of money into court, precludes all defence.

In *Becker* v. *Vrooman*, (13 *Johns. R.* 302,) it is settled, that deceit in the sale of a chattel may be shewn in bar, or in mitigation.    The same principle will admit the defence in this case, provided the defendant is not precluded by the payment of money into court *generally*.    The cases on this point are not uniform ; they are all considered in 2 *Archb. Pr.* 184, where it is shewn that the true rule is, that payment of money into court admits the cause or causes of action stated in the declaration, to the amount paid in, but nothing more. Beyond that amount the defendant may make his defence. A new trial must therefore be granted ; costs to abide the event.