THE ALLAIRE WORKS *vs.* GUION.

In an action brought upon promissory notes, the consideration of which was work and labor done by the plaintiff for the defendants, the defense was that while the plaintiff was in the employ of the defendants, as their servant, they were possessed of drawings, plans, models and patterns of steam engines, &c. which had names, numbers, and marks inscribed on them, so as to identify them; and that the plaintiff, contrary to his duty as such servant, destroyed the drawings and plans, and obliterated the names, numbers and marks of the plans, models and patterns. *Held* that the defendants might give evidence of such wrongful acts of the plaintiff, for the purpose of reducing the amount of the recovery; it not appearing that the damages sustained by the defendants, by means of such acts, were known to them, or were taken into the account, on liquidating the amount due to the plaintiff, and giving the notes therefor.

The damages to be allowed, in such a case, by way of recoupment, being only such as arise from breach of the plaintiff's contract, the deduction must be limited to such damages, and nothing can be allowed on account of the *malice* with which the wrongful acts were done.

GUION sued The Allaire Works, in the superior court, on a note due November 1, 1841, for $1000; upon another note due November 1, 1842, for $560; and on an account for work done for the defendants, amounting to $412,02, on the 1st of November, 1843.   All these sums, except $400, were due to Guion for work done for the company.   The $400 were lent to the com-

pany. On the trial the defendants offered to prove, pursuant to notice, that *in consideration* of the plaintiff's employment, it was his duty not to injure the property of the defendants ; that the defendants were possessed of drawings, plans, models, and patterns of steam engines, &c. which had names, numbers and marks inscribed on them, so as to identify them ; and that the plaintiff, while so in their employ, maliciously intending to injure the defendants, did, contrary to his duty as such servant, *destroy* the drawings and plans, and obliterate the names, numbers and marks of the plans, models and patterns. The testimony was rejected by the court, and the defendants excepted. The jury found a verdict for the plaintiff for $2167,38 damages ; and judgment was entered in the court below for that sum. The exception taken by the defendants was afterwards argued in the court below, and the same was disallowed, and the motion for a new trial denied. The defendants thereupon brought a writ of error.

*F. B. Cutting*, for the plaintiffs in error.

*John McKeon*, for the defendant in error.

*By the Court*, MITCHELL, J. When the plaintiff entered into the employment of the defendants there was a contract on their part to pay him, and on his part faithfully to discharge his duties. If this was not expressed it was implied. He sues, (as to all except $400,) on this contract, or on the notes, which have no other consideration than that contract. If the plaintiff, while in this employment, willfully destroyed the defendants' plans and engines, he violated his part of the contract—certainly as much so as if he destroyed them carelessly ; and the defendants would accordingly be entitled to a deduction from his claim, . or recoupment to the extent of the actual damage done by him— unless some peculiarity in the circumstances of this case would require a different rule.

It is said the giving of the notes liquidated the account, and so the defense could not be sustained. This would not apply

to the balance due on the 1st of November, 1843, amounting to $412,02. Besides, these damages did not enter into the account on which the notes were given. The giving of a note does not prevent an inquiry into the original consideration for it, in a suit between the same parties. In *Ives* v. *Van Epps*, (22 *Wend.* 155,) the plaintiff sued on a sealed agreement by which he was to complete a wall in a workmanlike manner, as soon as might be, and the defendant was to pay him $1500 in thirty days from the date of the agreement. The defendant had given his acceptance for the $1500, but it was not paid ; yet the court held that the defendant might show that the work was inferior in quality to what the contract required. In *Reab* v. *McAllister*, (8 *Wend.* 116,) the chancellor shows that it makes no difference whether the suit is on the note or on the original consideration ; although the English cases make a difference, which was followed in *Thornton* v. *Wynne*, (12 *Wheat.* 183.) So also in *Batterman* v. *Pierce*, (3 *Hill*, 171, 175,) the action was on a note, and the defense allowed.

It was also said that as the destruction was malicious, the damages could not be recouped. As the damages to be allowed by way of recoupment are only such as arise from breach of the plaintiff's contract, the deduction must be limited to such damages, and nothing could be allowed on account of the malice. (*See Blanchard* v. *Ely*, 21 *Wend.* 349.) The fault of the defendant's notice therefore was that he proposed to prove more than he could prove, in this action. But that should not prevent his being allowed such deductions as he was entitled to. The allegation of malice might be struck out, and the notice be complete. (*See Fuller* v. *Rood*, 3 *Hill*, 258, *as to the difference between a plea and a notice.*)

In *Beecher* v. *Vrooman*, (13 *John.* 302,) in an action for the price of a mare, the defendant was allowed to reduce the recovery by proving that the plaintiff represented her to be sound, when he *knew* that she was unsound ; thus allowing *fraud* to be a partial defense, before the doctrine of recoupment was well established, in cases of contracts without fraud.

In *Spalding* v. *Vandercook*, (2 *Wend.* 431,) in an action on

Vol. X.          .          8

a note the defendant was allowed to show that it was given on a contract to make barrels so as to pass inspection, but that part of the barrels were made in an *unskillful* manner, and so as not to pass inspection.

In *McAllister* v. *Reab*, (4 *Wend.* 488,) the distinguished counsel for the plaintiff below insisted that it was only in cases of *fraud* that recoupment could be allowed.   And Judge Marcy, at page 490, says " it was admitted that if there had been *fraud* imputable to the defendant in error, the plaintiff would not be, (as without fraud it was contended he was,) obliged to resort to his cross action, but might reduce the claim below the stipulated price by showing the stove not to be such as it was warranted to be." He shows that the defense is admitted not on the ground of fraud merely, but to avoid circuity of action, (p. 492,) and " on a principle which has of late years been gaining favor with courts, and extending the range of its operations." He adds that to circumscribe the rule would limit its usefulness, (p. 493.) So Bronson, J. in *Batterman* v. *Pierce*, (3 *Hill*, 174,) shows that it was formerly supposed that there could be a recoupment only where *fraud* was imputable to the plaintiff.

In *Allaire* v. *Whitney*, the ground of Allaire's defense to an action for rent was that the plaintiff had *fraudulently* represented himself to be the owner of the whole demised premises, when he *knew* that he only owned a part; (1 *Hill,* 484, 486. 4 *Denio*, 554.   1 *Comst.* 305 ;) and it was allowed.   If instead of that, the defense had been that the landlord willfully destroyed part of the demised premises, there would not have been much hesitation in allowing it.   And this case is substantially like the one suggested ; and if in such case the tenant had given his notes, without knowledge of the landlord's misconduct, that would not aid the landlord.

There is nothing in the case to show that the plaintiff's employment had entirely ceased when these acts were committed by him.   On the contrary it is stated that they were done while he was in the employ of the defendants.

The judgment should be reversed, and a new trial be had in the superior court ; the costs to abide the event.