CASE No. 936.

BLACK v. ROSE.

1. A receipt given by the clerk of the court, in March, 1863, for money (confederate) paid into court in a cause then pending under order passed in October, 1860, should not be set aside, there being no proof of irregularity.
2. Money paid into court, under its order, is payment and not tender. Rule 94, Miller's Compilation, construed.
3. The clerk received the payment in confederate currency. *Held*, that such payment could not be scaled. *State* v. *Mosely*, 10 *S. C.* 1; *Wiseman & Finley* v. *Hunter*, 14 *Rich. Eq.* 174, recognized and followed.

Before WALLACE, J., York, October, 1879.

This case is fully stated in the Circuit decree and opinion of this court. The Circuit decree is as follows:

This cause was commenced originally in 1860, as an action on a sealed note, in which Samuel A. Black was plaintiff, and William E. Rose and another were defendants. The defendants plead, among other things, failure of consideration in the note to the extent of $1600 of the principal thereof, and on October 13th, 1860, an order was passed by the court allowing the defendant to pay into court the amount admitted by him to be due the plaintiff and the costs accrued. On March 24th, 1863, this defendant paid to the clerk of the court $3495.04 in Confederate

money, the balance at that day due on the note, less the $1600 ; and also paid the costs. The clerk gave the defendant his receipt, stating that the money was paid in pursuance of the order of court. The plaintiff admitted, as of record, that there was a failure of consideration as to $1600 of the note, and asked judgment against this defendant for the amount of the balance which had been paid in Confederate currency, less the value of the Confederate money at the date of payment. The Circuit judge decreed for the plaintiff; on appeal, the Supreme Court set aside the decree, holding, among other things, that the question decided by the Circuit judge, as to the Confederate money not being payment, was foreign to the issues made by the pleadings, and that the receipt of the clerk was conclusive until set aside, and remanded the case. The case now becomes before me on a motion to vacate the receipt of the clerk, the defendant not having complied with the order of 1860, in paying the clerk Confederate money in 1863, when the order passed in 1860 contemplated payment in good money. The motion must be refused ; under the order of the court, the defendant had the right to pay the money and the clerk was the proper party to receive and receipt for it, and this has been done. There is no charge of fraud or mistake—not anything of that character on account of which receipts are sometimes set aside; the only ground of complaint was that the payment was in Confederate currency. Payment in the currency has been frequently recognized by the Supreme Court of this state as proper when made to sheriffs and commissioners and masters, and I see no difference between payments made to those officers and to the clerk that could avail the plaintiff anything.

The plaintiff's attorney declined to accept the Confederate money from the clerk after he had accepted it from defendant ; but although the order was standing open for over two years, and the Confederate money was constantly depreciating in value, the plaintiff gave no warning to the clerk not to accept it. He has been pushing this case for many years, and not until this motion, sixteen years after money is paid by the defendant, is there any allegation against the regularity of the receipts from the clerk.

The case of *State of South Carolina* v. *Mosely*, 10 *S. C.* 1, is a

case in many circumstances resembling this, and seems to me to be conclusive of it.

For the reasons above stated, and on the authority of the case just cited and others, I hold that the motion must be dismissed, and it is so ordered, with $10 costs for defendant for the motion.

Plaintiff appealed.

*Mr. J. H. Rion,* for appellant.

*Messrs. Hemphill & Hemphill,* contra.

November 5th, 1880.   The opinion of the court was delivered by

McGOWAN, A. J.   This was an action on a note for negro slaves, commenced in 1860, and has a long history, which is fully given in the judgment of the Circuit Court, and need not be repeated here, except so far as to make the ruling of this court intelligible.  The defendant got an order to pay the money into court upon the usual conditions and in the usual form.  The money was paid and the clerk of the court gave his receipt for it, stating—" This payment made in pursuance of the order of court in this case," precisely in accordance with the 94th rule of court, Miller's Compilation.  The money was paid in Confederate currency, then (March, 1863,) the only currency in use, and the plaintiff refused to accept it.  Judge Mackey held that it was allowable to go behind the terms of the receipt and inquire into the value of the money paid, and, in effect, annulled the receipt, except to the extent of the value of the money at the time it was paid.  The Supreme Court set aside the decision and ordered a new trial, declaring " that the clerk's certificate must be regarded as part of the record in the case, and, if erroneous, should have been corrected by a direct proceeding, on timely notice, grounded upon its irregularity.  It was too late to raise that question on the trial of the cause, nor was that the proper place to consider it.  The certificate was treated by the Circuit judge as if merely *prima facie* proof of the facts stated in it, whereas it was conclusive, so long as it was permitted to stand."

In such a " direct proceeding " to vacate a receipt given by S. E. Moore, officially as clerk, he or his representative should have been made a party; but it does not appear from the record that the objection was made at the trial. The question was made simply by motion to vacate and set aside the receipt. The Circuit judge entertained the motion, but refused to grant it. The plaintiff alleging error in that judgment, appeals to this court.

The exceptions may be condensed into two points of alleged error :

*First.* That the judge should have held that the delivery of money into court by the defendant, under an order allowing him to do so, was *not payment*, but a mere tender, and inoperative until accepted by the plaintiff; and, that being established,

*Second.* That he should have held that the plaintiff had been guilty of no such laches in attacking the receipt as should now preclude him.

The only question before us, in this phase of the case, is as to the [correctness of Judge Wallace's rulings in regard to the alleged irregularity in the clerk's certificate of payment. That certificate was given by the proper officer, as the court directed, precisely in the form prescribed by the rule of court, without fraud, accident or mistake, and we agree with the Circuit judge that nothing was proved tending to show irregularity in it, and that it should not be set aside. *McDowall & Black* v. *Le Maitre,* 2 *McC.* 320; *Dobbins* v. *Perry,* 1 *Rich.* 33; *Wheeler* v. *Alexander,* 1 *Strob.* 61.

But, if we understand the bearing of the argument made, it was not directed to the point of setting aside *the receipt itself,* but to show that it was a mere tender, and in that way set aside its *legal effect as a payment.* If we are correct, that is renewing the controversy involved in the first appeal. The question as to the legal effect of a payment of money into court, under an order, was substantially decided by this court when it held that the receipt was " conclusive " until set aside. If the law were as now claimed it would have been entirely unnecessary to make the question of the irregularity of the receipt, which, in that case, would not have stood in the way. The payment of money into

court, under order, is certainly more than a simple tender. A tender is *an offer* to pay by the debtor before suit, and cannot be made after suit brought. It is purely *ex parte.* If it is not accepted the debtor must retain his money, and if established on plea, the only effect is to stop interest thenceforward on the amount tendered. But a payment into court is different. It is not *ex parte,* but done by order of the court, which represents both parties, and whose orders bind the plaintiff as well as the defendant. The money paid in is for the plaintiff, and the posession of it cannot be rèsumed by the debtor. In the further prosecution of the case that *much is stricken from the record,* whether the plaintiff takes out the money or not.

·· The rule of court required that if the plaintiff should take the money out of court, the clerk shall, in the "receipt to be taken for the money, require such plaintiff to say, for information of defendant, whether he accepts the money *in full discharge of the action,* or takes it with the intention of proceeding further." This does not mean that the effect of the payment was to depend upon his acceptance or non-acceptance of it. The effect was fixed by the payment, but as he had the right to be dissatisfied with *the amount* and go for a larger sum, this statement was required simply for the *information of the defendant* whether he accepted the money in full discharge. That is, if he claimed more, the case went on—the controversy being limited to the excess so claimed, but if he claimed no more in amount, that was an end of it. *Fishburne* v. *Sanders,* 1 *N. & McC.* 242; *Broughton* v. *Richardson,* 2 *Rich.* 64; *Bank of Columbia* v. *Southerland,* 3 *Cowen* 336; *Spalding* v. *Vandercook,* 2 *Wend.* 431; *Murray* v. *Bethune,* 1 *Wend.* 191; *Boyden* v. *Moore,* 5 *Mass.* 367. In this last-cited case the rule is stated clearly in these words: "The bringing money into court is a practice adopted to relieve the defendant against an unexpected suit for money which he is willing to pay, but which he has not tendered to the plaintiff before the commencement of the suit. After the defendant had brought in as much money as he thinks proper, and the plaintiff has refused to receive it in satisfaction, *the defendant is entitled to have the same considered as a payment made on the day on which it was brought, and he is answerable only for further damages.*"

Accepting this view of the legal effect of a payment into court under order, the plaintiff further contends that whilst the receipt is regular and formal and cannot be set aside for irregularity, yet the clerk received Confederate money, which was not a legal tender; that he had no right to do so and give a receipt as for good money, and on that account the receipt should be set aside, at least in part, so as to make it correspond in amount with the real value of the money at the time it was received. In other words, that the payment should be scaled. Upon this point the case is identical with that of *State* v. *Mosely*, 10 *S. C.* 1. In that case a sheriff, who had an execution to collect, received Confederate money and gave a receipt for it, and the question was whether he had a right to do so. It was held that he had the right. So far as the right to receive Confederate money is concerned, we can see no difference between the sheriff in that case and the clerk in this. They were both public officers and received the money in discharge of a duty imposed. There, as here, there was no notice not to receive Confederate money, which was the only medium of exchange at the time. It is unnecessary to repeat the argument, which is so well stated in that case as follows: "The true foundation for the doctrine is the implied consent of the creditor. For when bank or other notes constitute the *only* currency, and is in universal use as such, while courts will still recognize the constitutional right of the creditor, *when asserted at the proper time*, to demand payment of his debt in that which is established by law as a legal tender, they will, in the absence of any such assertion, conclude that he assented to or authorized payment to be made in that currency, which every one regarded and used as money."

This case is stronger than that of Mosely in one important particular. That was not a proceeding to cancel the receipt and make the debtor pay again, as this is, but to make the sheriff and his sureties liable for a wrongful act on the part of the sheriff in receiving the money and giving receipt for it. In that case it seemed to be taken for granted that the receipt was a discharge. This court has always sustained the payment when the question was made by the obligor who produced a receipt from the proper person, and has in all cases refused to allow payments to be scaled

under the act of 1869, (*Gen. Stat.* 310,) for the reason that they were not executory, *but executed. Austin* v. *Kinsman*, 13 *Rich. Eq.* 265; *McPherson* v. *Lynah*, 14 *Rich. Eq.* 121; *Wiseman & Finley* v. *Hunter, Id.* 174; *Fluit* v. *Nelson*, 15 *Rich.* 11; *Mayer* v. *Mordecai*, 1 *S. C.* 383; *Johnstone* v. *Crooks*, 3 *S. C.* 202.

In the case above cited of *Wiseman & Finley* v. *Hunter*, Chancellor Dunkin said : " The question is not whether bank bills or Confederate treasury notes, or anything other than gold or silver, is a lawful tender in payment of debts, but whether where a debtor has paid to an officer of the court in these funds a debt which he was required to collect, and taken his receipt in discharge of the same, the court will, at this distance of time, and at the instance of a party in the cause, repudiate the act of its officer and set up the claim against the debtor. It concerns the interest of the public that there should be an end of litigation. Where a transaction has been consummated and rights vested, the repose of society demands that it should not be opened."

This case has been prosecuted for years with extraordinary energy and perseverance, in the view, probably, that it was a hardship that the plaintiff should be bound by the act of the clerk in receiving for him Confederate money, which became worthless. This court cannot prevent—may regret—but must not be controlled by what appear to be hardships. We cannot, however, shut our eyes to the fact in this case, that if the money became worthless, so did the property which was received in exchange for it. Both were lost from the same cause.

We see no error in the judgment of the Circuit judge. The judgment is affirmed and the appeal dismissed.

MCIVER, A. J., concurred.