# CHARLESTON.

DILLON BEEBE'S SON *v.* EAKLE.

Submitted January 29, 1897—Decided April 28, 1897.

1. ASSUMPSIT—*Written Contract—Recoupment of Damages.*
   In an action of *assumpsit* based upon a written contract, the defense to which is that the same was procured by fraud and misrepresentation, going to the whole action, the doctrine of recoupment of damages is not applicable. (p. 512.)

2. PLEADING—*Non-Assumpsit—Error.*
   While a special plea, setting forth matters in discharge of the action, may be filed when the plea of *non-assumpsit* has been filed, yet, when the matters set up in said plea may be given in evidence under the general issue, it is not error to reject such plea. (p. 511.)

Error to Circuit Court, Braxton County.

Action by Dillion Beebe's Son against J. E. Eakle. Verdict for plaintiff, and from the judgment defendant brings error.

*Reversed.*

LINN & BYRNE, for plaintiff in error.

W. E. HAYMOND, for defendant in error.

McWHORTER, JUDGE:

This is an action of *assumpsit*, brought by Dillon Beebe's Son in the Circuit Court of Braxton County, against J. E. Eakle, founded upon the following paper writing: "*Eakle & Coffindaffer* v. *Dillon Beebe's Son.* In *assumpsit* in the Circuit Court of Braxton county. Received 23rd March, 1894, of Dillon Beebe's Son nine hundred and twenty-two dollars and seventy-one cents ($922.71), in settlement in full of all balance on account of sawing, work, and account of every kind and character growing out of the contract between said Dillon Beebe's Son and said Eakle & Coffindaffer, dated 8th October, 1892, and all matters involved in above-styled action, and said action to be dismissed without costs agreed. And whereas the firm of Jack & Carper has set up cetain claims to a part of the fund or account to be paid by said Dillon Beebe's Son on account of the work mentioned in said contract, by suggestion before G. S. Berry, justice; and W. H. Lee claims a right to a certain part of said amount on account of an order from said Coffindaffer to said Dillon Beebe's Son; and one J. B. Fowler has an action pending in said court against Dillon Beebe's Son, in which he claims certain amounts on account of certain orders of said Coffindaffer on said Dillon Beebe's Son, on account of said fund from said contract, and this amount so received leaving nothing on account of said contract or otherwise in said Dillon Beebe's Son's hands out of which to pay any part or either of said claims: It is hereby agreed that said Dillon Beebe's Son shall not in any manner be held liable therefor, and the undersigned hereby indemnify said Dillon Beebe's Son against each and all of said claims to the extent of said nine hundred and twenty-two dollars and seventy-one cents, in so far as they depend upon the orders of said Geo. W. Coffindaffer and the effect thereof upon the said fund. [Signed] J. E. Eakle, for the late firm of Eakle & Coffindaffer." The declaration avers that by reason of judgments of Justice G. S. Berry in favor of W. H. Lee, for eighty-seven dollars and seven cents, and in favor of Jack & Carper, for

one hundred and ninety-four dollars and ninety-five cents, and a judgment of Braxton circuit court in favor of James B. Fowler, for five hundred and thirty-seven dollars and forty-eight cents, plaintiff was compelled to pay, and did pay, the amounts of said several judgments on account of the claims set out in said writing sued upon; that said sums so paid by plaintiff to Jack & Carper, W. H. Lee, and James B. Fowler were not, nor was any part thereof, for any debt or demand of any kind or character due from the plaintiff to them, but was wholly on account of the transaction, orders, and claims against the said fund arising from the said contract between the plaintiff and said Eakle and Coffindaffer, as to each the said indemnity of the said defendant extends and applies; and so plaintiff says that said defendant, by said writing, did promise to pay to the plaintiff the said sum so by him paid out to the said Fowler, Lee, and Jack & Carper, whenever plaintiff should be made liable therefor. The declaration contained a second count, averring the pendency of an action of *assumpsit* in the circuit court of Braxton county, in which Eakle & Coffindaffer were plaintiffs, and said Beebe was defendant, for certain sawing and other work done by Eakle & Coffindaffer for Beebe under contract of October 8, 1892, and also the pendency of a proceeding before G. S. Berry, justice, in which Jack & Carper were plaintiffs, and said Beebe defendant, seeking to make defendant Beebe liable as garnishee to the payment of a certain claim of Jack & Carper against G. W. Coffindaffer, who was a member of the firm of Eakle & Coffindaffer, on account of the fund arising from the said sawing and other work done under the said contract of October 8, 1892; and that there was also pending in said circuit court on the 23d of March, 1894, an action of *assumpsit*, in which James B. Fowler was plaintiff, and said Beebe was defendant, which action was based upon certain orders of G. W. Coffindaffer, drawn on said Beebe, in favor of said Fowler and others, and transferred to said Fowler, which orders were upon the fund arising from the said contract of October 8, 1892, for sawing; and that one W. H. Lee, on the said 23d March, 1894, held a certain order of G. W. Coffindaffer against plaintiff on account of said fund; and that on the 23d of March the said J. E. Eakle represented to plaintiff that he had a

right to collect and receive such balances due from plaintiff to Eakle & Coffindaffer on account of the sawing and other work done under said contract between them and plaintiff; and that the said claims of Jack & Carper, Lee, and Fowler were not proper claims upon said funds; and that they had no right to receive anything upon account thereof; and that thereupon plaintiff, upon said date, paid and settled to the said John E. Eakle the sum of nine hundred and twenty-two dollars and seventy-one cents, being in full of all balances on account of sawing and other work and account of every kind and character growing out of the contract between said Eakle and Coffindaffer, and thereupon defendant, Eakle, executed the paper here sued upon, of date March 23, 1894; and then avers that he was afterwards compelled to pay the said several sums, *etc.*, and averring that all said sums by him so paid to Jack & Carper and Fowler and Lee were on account of debts and claims against the fund arising from the contract of October 8, 1892, and no part thereof on account of any debt or liability of the plaintiff to the parties to whom such debts were so paid; and that by reason of the receipt of the said amount of nine hundred and twenty-two dollars and seventy-one cents by the said defendant, on account of the said fund arising from said contract of October 8th, and his promise to indemnify as aforesaid, said defendant became and was liable to plaintiff for the said several sums so paid to Jack & Carper and Lee and Fowler, at least to the extent of nine hundred and twenty-two dollars and seventy-one cents, *etc.* On the 15th day of December, 1894, defendant pleaded the general issue of *non-assumpsit*, and at the same time tendered his specifications of set-off and four special pleas, marked, respectively, "Special Plea No. 1," "Plea No. 2," "Plea No. 3," and "Plea No. 4," and also a notice of recoupment, to the filing of which set-off, notice of recoupment, and pleas, and each of them, the plaintiff objected, and the court sustained the objection to each of said pleas and to said notice of recoupment, and to all of the items named in the set-off, except the item therein alleging a mistake in settlement. And said pleadings so objected to (with the exception aforesaid) were rejected, and said set-offs, so far as relates to the alleged mistake only, were filed, to which rulings of the court, reject-

ing said set-offs (with the exception aforesaid), notice of recoupment, and said several pleas, defendant excepted, and tendered his bill of exceptions. And on April 23, 1895, a jury was impaneled, and on April 24th, having fully heard the evidence and arguments of counsel, rendered their verdict for plaintiff for five hundred and ninety-six dollars and five cents, which was entered of record; and on the 1st day of May, 1895, defendant moved the court to set aside the verdict of the jury, and grant him a new trial, because the said verdict is contrary to the law and the evidence, and because of the several matters set forth in his bill of exceptions, which motion the court overruled, and entered judgment on said verdict.

Plea No. 4 tendered by defendant is a follows:

"And the said defendant, for further plea in this behalf, says that, before the execution of the writing set forth in the plaintiff's declaration, a contract had been entered into between this defendant and one George W. Coffindaffer, in the words and figures following, to wit: 'This contract, made this 13th day of February, 1893, between John E. Eakle, of the first part, and G. W. Coffindaffer, of the second part, both of the county of Braxton and State of West Virginia, witnesseth: That on the 24th of August, 1892, by a written contract of that date between the parties hereto, said Eakle sold said Coffindaffer, on the terms mentioned therein, one-half interest in a certain sawmill, and said Coffindaffer agrees to pay him therefor $600, to be paid as follows: Said Coffindaffer was to settle with said Eakle every 30 days, and pay him 50 cents for every thousand feet of lumber sawed, to be applied as a credit on said debt. This writing further witnesseth that said Eakle has rented to the said Coffindaffer the other half interest in said mill for the term of one year, and the said Coffindaffer agrees to pay, as rent therefor, sixty-two and one-half cents on every one thousand feet sawed, and agrees to pay the 50 cents above mentioned also on every thousand feet of lumber sawed, to be paid as follows: Said parties are to make settlement every 30 days, and said Coffindaffer agrees to leave, in the hands of the party for whom he saws, the above amounts, 75 cents on the thousand of which is to be paid at the end of every thirty days, 37½ cents on the thousand, the residue, to be paid when

the amount which is reserved by the party for whom the said Coffindaffer may be sawing is due and payable, but, if no payment is reserved as aforesaid, then all of the $1.12½ on the thousand is to be paid at the end of every thirty days, and, if as much as 37½ cents on the thousand is not reserved, then all of the $1.12½ on the thousand must be paid, except the amount so reserved. Said Coffindaffer agrees to run said mill constantly and faithfully until said debt of $600 is paid, and during said year, unavoidable accidents and events excepted, and to keep said mill in good repair, and return in as good condition as when he received it, ordinary wear and tear excepted. The failure on the part of the said Coffindaffer to pay the $1.12½ on the thousand above mentioned, at the time and as above set out, or to run said mill constantly and faithfully, as above mentioned, or his failure to pay any of the above agreement, renders his rights under the contract and the prior contract of sale above mentioned null and void, and shall for such failure be rescinded. Witness the following signatures and seals. J. E. Eakle. [Seal.] George W. Coffindaffer. [Seal.]' Which said agreement was duly acknowledged on the 13th day of February, 1893, before a notary of Braxton county, by the parties thereto, and was on the 6th day of March, 1893, duly admitted to record in the office of the clerk of the county court of Braxton County. And the defendant avers that on the 8th day of October, 1892, an agreement in writing was entered into between this defendant and George W. Coffindaffer, of the one part, and the plaintiff, of the other part, whereby the defendant and the said Coffindaffer, by the firm name of Eakle & Coffindaffer, agreed to do certain sawing and work for the said plaintiff; and in pursuance of which agreement there had become due and payable from the said plaintiff, before the 23d day of March, 1894, and for a long time prior thereto, a large sum of money, to wit, $1,593.15, on account of the sawing and work done in the declaration mentioned, all of which sawing and work were done under and in pursuance of the contract last mentioned; and the amount which had become due as aforesaid was the balance due from said plaintiff after allowing him credit for such sums as he had paid, and was entitled to credit for, on account of said contract. And

the defendant avers that the said George W. Coffindaffer, to provide for the payment of the amount mentioned in the contract of February 13, 1893, to wit, $1.12½ per thousand for each thousand feet he should saw as therein provided, on the 18th day of February, 1893, drew an order upon the said plaintiff in the words and figures following, to wit: 'Dillon Beebe's Son: It is agreed between G. W. Coffindaffer and J. E. Eakle that certain amounts mentioned in the contract between them is to be retained by you, and paid to the said Eakle; and you are hereby directed to reserve said amounts, and pay to the said Eakle. Certain other amounts of money are agreed to be reserved by you, and paid to him as aforesaid, amounts of which will hereafter be furnished you, and are to be paid out of the amount reserved by you on said sawing. This 18th day of February, 1893. George W. Coffindaffer,'—and delivered the same to this defendant, whereby this defendant became and was entitled to have and demand of and from the said plaintiff one dollar and twelve and one-half cents per thousand thereafter sawed by said Coffindaffer under the contract of the 8th of October, 1892, hereinbefore referred to, and also certain other amounts for which orders were to be hereafter drawn as stipulated in the said last mentioned order.

"And the defendant avers that the plaintiff, to-wit, on the 13th day of February, 1893, had notice of the contract of that date between this defendant and said Coffindaffer, hereinbefore set out; and that the plaintiff, to-wit, on the 18th day of February, 1893, had notice of the order of that date drawn on him by said George W. Coffindaffer, and hereinbefore set out, and agreed and promised to pay, reserve, and pay to this defendant the amounts therein mentioned. And the defendant avers that afterwards, to-wit, on the —— day of November, 1893, and in pursuance of the order of the 18th of February, 1893, aforesaid, the said George W. Coffindaffer drew an order upon the plaintiff, directing him to pay this defendant the sum of $578.71, which amount represented the 'certain other amounts' in the order of February 18, 1893, aforesaid, to be reserved by the plaintiff, and paid to this defendant, of which last-mentioned order the plaintiff, to-wit, on the —— day of November, 1893, had notice, and the plaintiff then and

there promised to pay the same; and this defendant avers that, on account of the orders so drawn by the said George W. Coffindaffer on the plaintiff, this defendant became and was entitled to demand and receive of and from the said plaintiff a large sum of money, to-wit, $1,593.15, and that the plaintiff, to-wit, at various times after the said orders were drawn, and before the 23d day of March, 1894, in consideration of his indebtedness, which this defendant avers then existed on account of sawing and work done for him under his contract, aforesaid, with Eakle & Coffindaffer, promised to pay the defendant the amount which had become due and payable to him as aforesaid, to-wit, the said sum of $1,593.15, which amount was due and payable to this defendant at the time of the making and delivering of the writing signed by this defendant, a copy of which is contained in the plaintiff's declaration, and to recover which a suit had been instituted in the Circuit Court of Braxton County by the said George W. Coffindaffer and this defendant against the plaintiff, and the same was pending and undetermined at the time this defendant signed and delivered to the plaintiff the writing so set out in said declaration. And the defendant avers that before and at the time of the making and delivery of the writing dated March 23, 1894, set out in the said declaration, the plaintiff falsely and fraudulently, and for the purpose of inducing this defendant to execute and deliver the said writing, represented to this defendant that no judgment had been entered in the proceedings before G. S. Berry, justice, in favor of Jack & Carper, referred to in said writing; and that said Jack & Carper were not entitled to recover from him (the said plaintiff) the amount of their said claim, for which said proceeding before said justice had been instituted; and that their said claim was founded upon orders drawn by said G. W. Coffindaffer upon the plaintiff, for moneys due or to become due from the plaintiff on account of the contract of November 8, 1892, aforesaid; and that the claims of said Fowler and the said Lee, referred to in the said writing, were likewise founded upon orders drawn by said G. W. Coffindaffer upon the plaintiff for moneys due and to become due upon the said contract last mentioned; and that the said plaintiff had not accepted the said orders, or any of them, orally or in

writing, and was in no wise liable by any act or acceptance of his, or on account of any agreement on his part to pay the said orders, or any of them, or any part thereof.

"And the defendant avers that, in truth and in fact, as the plaintiff well knew, a judgment had been rendered by the said G. S. Berry, justice, in the proceedings aforesaid, in favor of Jack & Carper, against the plaintiff, and that the plaintiff had, as he then well knew, accepted the orders in favor of the said Fowler and the said Lee, and each of them respectively, and had in fact, as he well knew, become liable by original undertakings and promises, and by acts and conduct then unknown to this defendant, and by the plaintiff fraudulently concealed from this defendant, to pay the several sums so claimed by Jack & Carper, Fowler, and Lee, respectively. And this defendant avers that the said G. W. Coffindaffer had no authority to draw the orders upon the plaintiff referred to in the writing signed by this defendant and in the declaration set out, upon which the respective claims of Jack & Carper, Fowler, and Lee were founded; and that this defendant relied upon the false and fraudulent representations so made as aforesaid by the said plaintiff, and did not know that the same or any of them were false, as in fact they were; and by means of said false and fraudulent representations this defendant was induced, and did, execute and deliver a writing of 23d March, 1894, set out in the declaration, to the plaintiff; and, but for said false and fraudulent representations, this defendant avers that he would not have so executed and so delivered the said writing. And the defendant avers that, by reason of the said false and fraudulent representations so made as aforesaid by the said plaintiff, the consideration for the execution of the said writing and the compromise of the suit therein mentioned has wholly failed, and the defendant has sustained damages amounting to a large sum, to-wit, $1,593.15, and here offers to set off so much thereof as is sufficient to meet the demands of the plaintiff, and for the residue asks judgment against the said plaintiff. And this he is ready to verify. James B. Fowler, Linn & Byrne, Dulin & Hall, P. D.

"State of West Virginia, Braxton County, to-wit: J. E. Eakle, the defendant named in the foregoing plea, being first duly sworn, upon his oath says that the facts and alle-

gations contained in the foregoing plea are true; except so far as they are therein stated to be on information, he belives them to be true.   J. E. Eakle.

"Taken, subscribed, and sworn to before me, this the 13th day of December, 1894.   C. T. Byrne, Notary."

Pleas Nos. 1 and 2 are of about the same import, while No. 3 only goes to the claim of Jack & Carper.

"'Said special pleas, so far as they contain defense to the action, in effect only amount to the general issue.   And the matters sought to be set up in the said pleas as defense, so far as they are good, if sufficiently pleaded, could be given in evidence on the plea of *non-assumpsit*.   It is not error to reject a special plea setting up matters in defense to the action, when the plea of *non-assumpsit* is filed, and the matter of defense of such plea may be given in evidence under the plea of *non-assumpsit*."   *Hale* v. *Land Co.*, 11 W. Va. 229, 236; *Railroad Co.* v. *Laffertys*, 14 Grat. 478; *Railroad Co.* v. *Polly, Id.* 454.   "When fraud is intended to be set up as a defense, it may be given in evidence under the general issue in *assumpsit*."   2 Saund. Pl. & Ev. top page 25, side page 527.   Recoupment is said to be "that right of the defendant in the same action to claim damages from the plaintiff, either because he has not complied with some cross obligation of the contract upon which he sues, or because he has violated some duty which the law imposes upon him in the making or performance of that contract."   *McAllister* v. *Reab*, 4 Wend. 483; *Id.*, 8 Wend. 109; *Allaire Works* v. *Guion*, 10 Barb. 55, and other cases cited.   "In England, as well as in some of the United States, the principles of recoupment, as defined by us, have been recognized only in a restricted form. Under the name of reduction of damages, the defendant is allowed to show all such violations of his contract by the plaintiff as go to render the consideration less valuable; but he is compelled to resort to an independent action for any immediate or consequential damages affecting him in other respects."   "The damages recouped must be for a breach of the same contract upon which suit is brought." *Batterman* v. *Pierce*, 3 Hill (N. Y.) 171; *Spalding* v. *Vandercook*, 2 Wend. 431; *Deming* v. *Kemp*, 4 Sandf. 147; *Miles* v. *Elkin*, 10 Ind. 329.   And in *The Wellsville* v. *Geisse*, 3 Ohio St. 333:   "Recoupment, however, even as

enlarged in its meaning by modern usage, signifying nothing more than a reduction of damages, the right can not be exercised under a plea the office of which is to set up a complete bar."

The defense attempted to be set up in this cause goes to the whole action, and alleges the procurement of the contract by fraud and deceit, which, if well proven, defeats the action. A recoupment of damages therefore is not applicable, so that the court did not err in refusing to file the said four special pleas and set-offs, but properly filed the set-offs as to the alleged mistake. The defense in this case not being based on a violation of a contract, but upon the procurement of the contract by fraud and misrepresentations, the settlement should not be opened except to correct mistake.

The third assignment is that "the court erred in limiting the evidence introduced by the petitioner as shown by the bill of exceptions No. 3." The court did not err in so limiting the effect of said evidence so introduced as to show a mistake in the settlement, as alleged in the notice of set-offs, and so far as they tend to prove that J. E. Eakle was entitled to amount due from Dillon Beebe's Son to Eakle & Coffindaffer.

The second assignment is that "the court erred in rejecting the evidence offered by the petitioner, as shown by bill of exceptions No. 4." The bill of exceptions No. 4 shows that on the trial defendant offered to prove the several matters of defense set up in the special pleas, to the introduction of all of which testimony plaintiff objected, and the court sustained the objection, and refused to admit in evidence the several matters of defense aforesaid. The court erred in rejecting any evidence offered by the appellant, as shown in said bill of exceptions No. 4, in so far as such evidence might tend to prove the procurement of the contract sued upon in this case by the plaintiff by false and fraudulent representations, as such evidence was admissible under the general issue. It follows, therefore, that the fourth assignment is well taken, that the court should have set aside the verdict of the jury, and granted a new trial. For the reasons stated, the judgment complained of is reversed, and the case remanded for a new trial to be had therein.

*Reversed.*