# Charlestown,

## HALE v. THE WEST VIRGINIA OIL AND OIL LAND COMPANY.

(Absent, JOHNSON, JUDGE).

1877.
August Term.

Decided September 10, 1877.

1. The burden of *charging*, as well as proving fraud, is on the party alleging it; and while it is not necessary or proper that he should spread out in his pleading the evidence on which he relies, he must aver fully and explicitly the facts constituting the alleged fraud; mere conclusions will not avail.

2. It is not error to reject a special plea setting up matter in defense to the action, when the plea of non-assumpsit is filed; and the matter of defense of such plea may be given in evidence under the plea of non-assumpsit.

3. The defendant, in an action of assumpsit, founded on an acceptance as stated in the opinion of this court filed in the cause, after pleading non-assumpsit, on which issue was joined, tendered a special plea in writing, to which the plaintiff by his attorney objected, and the court rejected said special plea which is in these words, viz: "The defendant comes and defends the wrong and injury, when, &c., and for a further plea in this behalf says that the said plaintiff his said action against it ought not to have and maintain because it says that on the — day of ——, 1873, one J. H. Carrington, the agent of the defendant in the city of New York, desired to raise some money, and induced B. S. Compton for his accommodation, to accept a draft for $400.00, drawn on the defendant by one James M. Lemon, which said B. S. Comption, for the mere accommodation of said Carrington, accepted in the name of the defendant as its president, it being the intent and understanding, that the said Lemon should have the said draft discounted, and pay the proceeds thereof to said Carrington, and had no right to otherwise dispose of said draft; that the said B. S.

1877.
August Term.

Hale
v.
The West Va.
Oil and Oil Land
Company.

Compton heard no more of the matter until the said note became due; the said Lemon came from New York to Monroe, Michigan, and represented to the said B. S. Compton, that Carrington could not at that time pay the said draft, and desired a renewal thereof, and the said B. S. Compton, president of the defendant, relying upon the representations of the said James M. Lemon, and believing from the representations, that the said draft had been discounted for the benefit of said J. H. Carrington, renewed the said draft by accepting on behalf of the defendant the draft described in the plaintiff's declaration, which draft the said James M. Lemon fraudulently endorsed to E. C. Lawrence & Co., the said E. C. Lawrence being his son-in-law; and said Lawrence & Co. endorsed the same to plaintiff. The defendant therefore avers, that the said James M. Lemom procured the said draft to be so accepted as aforesaid by fraud, and that the said acceptance was made for no consideration whatever; and defendant avers that said Lemon did not endorse the said draft to E. C. Lawrence & Co. until after the maturity thereof. And this the defendant is ready to verify; therefore it prays judgment, &c.

WEST VIRGINIA OIL AND OIL LAND COMPANY,

*By Counsel.*

WEST VIRGINIA,

*Ritchie County, ss:*

B. S. Compton, the president of West Virginia Oil and Oil Land Company, being duly sworn, says that the facts and allegations set forth in the foregoing plea so far as made upon his own knowledge are true; and so far as made upon information, he believes them to be true.

B. S. COMPTON.

Taken, subscribed and sworn to before me, this 28th day of April 1875.

WM. H. DOUGLASS, *Clerk.*

HELD—That the circuit court did not err in rejecting the said special plea.

*Supersedeas,* granted upon the petition of the defendant below, to a judgment of the circuit court of the county of Ritchie, rendered on the 20th day of October 1875, in an action at law then pending in said court, in which W. E. Hale, was plaintiff, and the West Virginia Oil and Oil Land Company, was defendant.

The facts are sufficiently stated in the opinion of the Court.

1877.
August Term.

Hale
v.
The West Va.
Oil and Oil Land
Company.

The Hon. James Monroe Jackson, Judge of the. fifth judicial circuit, rendered the judgment below.

*Walter S. Sands,* for defendant below and plaintiff in error :

The holder of a note, transferred to him. after maturity, takes it subject to all the defenses and equities to which it was subject in the hands of his immediate assignor: *Vathir* v. *Zane,* 6 Gratt. 246; *Wilson* v. *Lazier,* 11 Gratt. 477; *Davis* v. *Miller,* 14 Gratt. 1.

The plea was not had for duplicity, and if it were, the advantage thereof could only be taken by special demurrer: *Smith* v. *Lloyd,* 16 Gratt. 313; *King* v. *Howard,* 1 Cush. 141; 3 Rob. (new) Pr. 509, 50; *Cunningham* v. *Smith,* 10 Gratt. 255; *Tucker* v. *Ladd,* 7 Cowen 450; *Currie* v. *Henry,* 2 Johns. 433; *Patcher* v. *Sprague,* 2 Johns. 462.

Fraud cannot be proven unless alleged : *Knibb* v. *Dixon,* 1 Rand. 250; *Thompson* v. *Jackson,* 3 Rand. 504; *Loomis* v. *Jackson,* 6 W. Va. 613; *Faure* v. *Martin,* 7 N. Y. 210.

The demurrer to the declaration should have been sustained—the last two counts are evidently bad: *Bank U. S.* v. *Jackson,* 9 Leigh 221.

*B. Mason Ambler,* for plaintiff below and defendant in error :

The plea was properly rejected.

1 (*a.*) It is bad for duplicity, attempting to plead fraud and want of consideration ; it is inconsistent with itself, alleging that the draft was given *in renewal* and *without consideration*; it is argumentative, uncertain, and ambiguous ; it avers matters of legal conclusion, which are not judicially presumable from the facts alleged : 1 Chitty Pl. 539, 545; Steph. Pl. 378, 384; 3 Rob. (new) Pr. 484; 5 *id.* 207, 300, 301, 307 ; *Cunningham* v. *Smith,* 10 Gratt. 255; *Richardson* v. *Insurance Co.,* 27 Gratt. 749; *Loomis* v. *Jackson,* 6 W. Va. 701 ; *Van Bibber* v. *Beirne,* *id.* 176 ; *Duval* v. *Malone,* 14 Gratt. 27.

1877.
August Term.

Hale
v.
The West Va.
Oil and Oil Land
Company.

The facts alleged constitute no defense.

Lemon was an agent of the defendant, so was Carring-ton.    Lawrence & Co. are charged with no fraud, and took *bona fide* and for value : *Wilson* v. *Lazier*, 11 Gratt. 477; 1 Pars. Con. 39, 42, 52; 2 *id.* (4th ed.) 340; *Fant* v. *Miller*, 17 Gratt. 55, 57; *Hoover, assignee* v. *Wise*, 1 Otto 308.

Defendant is estopped to plead fraud of Lemon: Story on Agency, §§443, 452; 2 Rob. (new) Pr. 248; *N. Y. & N. H. R. R.* v. *Schuyler*, 34 N. Y. 72; *Tome* v. *Park'g R. R. Co.*, 17 Am. R. 540.

Want of consideration is not *per se* a defense as to accommodation paper, even against one taking it after maturity: 2 Rob. (new) Pr. 232, 253; 1 Pars. Con. 213-17; Story on Bills §§191-2, 253; 1 Saunders Pl. and Ev. 577; *Fetters* v. *Muncie Nat. Bank*, 7 Am. R. 225; *Davis* v. *Miller*, 14 Gratt. 1; *Charles* v. *Marsden*, 1 Taunt. 224; *Sturdevant* v. *Ford*, 43 E. C. L. 61; *Curruthers* v. *West*, 63 *id.* 143; *Quinn.* v. *Hard*, 5 Am. R. 384.

(C.) The plea, if good as a defense, amounts to the general issue: Steph. Pl. 163 (4th ed.); 1 Chitty 477, 481; 5 Rob. Pr. 286-7; *M. & M. Bank* v. *Evans*, 9 W. Va. 373; *B. & O. R. R.* v. *Polly, Woods & Co.*, 14 Gratt. 454; *id.* 478.

2. Defendant has not been prejudiced. It might have introduced under the general issue the matters of defense contained in the plea: (Same authorities as above); 5 Rob. Pr. 255; 7 *id.* 232; *Fant* v. *Miller*, 17 Gratt. 47; *Pillaus* v. *Mienop*, 3 Burr. 1675; *Bird* v. *Randall, id.* 1353; *Major's ex'r* v. *Gibson*, 1 Patt. and Heath. 76; *Shephard* v. *Anderson*, 2 *id.* 203.

HAYMOND, JUDGE, delivered the opinion of the Court:

This is an action of *assumpsit* brought by the plaintiff against the defendant, in the circuit court of Ritchie county. The action was commenced on the 6th day of January 1875. The declaration contains four special

1877.
August Term.

Hale
v.
The West Va.
Oil and Oil Land
Company.

counts, and several of the common counts in *assumpsit.*
The action seems to be founded upon a bill in these words
to-wit:

" $400.00      New York, December 15, 1873.

" Four months after date, pay to the order of myself,
four hundred dollars ($400.00) value received, and charge
the same to the account of your obedient servant.

           James M. Lemon.

*To West Virginia Oil and Oil Land Co., Petroleum,
West Virginia.*

The defendant accepted the said bill as follows :

" Accepted—Payable 226 Pearl street, New York.

       West Va. Oil and Oil Land Co.

           B. S. Compton, *Pres't.*

The bill is endorsed by James M. Lemon and Col. W.
E. Hale. On the 29th day of April 1875 the parties, by
their attorneys, appeared in court; and the defendant
demurred to the plaintiff's declaration and each count
thereof; and the plaintiff joined in the demurrer. The
court overruled the demurrer. The plaintiff in error
does not complain in his petition that the court erred in
its judgment upon the demurrer; and I am unable to
perceive any error in the judgment of the court in over-
ruling the demurrer. On the 30th day of April 1875, it
appears that the parties again appeared in court,
and the defendant pleaded *non-assumpsit,* on which
issue was then joined; and the defendant tendered a
special plea in writing, and asked leave to file the same,
to the filing of which the plaintiff, by his counsel,
objected, and the court sustained the objection, and re-
jected the plea. It further appears that on the 20th
day of October 1875, the parties again appeared in
court, by their attorneys, and neither party requiring
a jury, the court in lieu of a jury having heard the
evidence, " is of opinion that the plaintiff is entitled to
recover from the defendant the sum of $400.00, with in-
terest thereon from the 18th day of April 1874, and his
costs by him in this behalf expended ; it is therefor con-

1877.
August Term.

Hale
v.
The West Va.
Oil and Oil Land
Company.

sidered by the court, that the plaintiff do recover of the defendant the sum of $400.00, in the plaintiff's declaration mentioned, with interest thereon, as aforesaid, and the plaintiff's costs herein expended." It further appears that upon the trial of the cause the defendant tendered his two several bills of exceptions to the ruling and opinions of the court marked number one and two respectively, and asked that the same be signed, sealed, and saved to it, and made a part of the record, which was accordingly done. By bill of exception number one, it appears that after the defendant had pleaded the general issue in this cause by its counsel, it tendered a special plea in these words : " The defendant comes and defends the wrong and injury, when, &c., and for a further plea in this behalf, says that the said plaintiff his said action against it ought not to have and maintain, because it says that on the —— day of —— 1873, one J. H. Carrington, the agent of the defendant in the city of New York, desired to raise some money, and induced B. S. Compton, for his accommodation, to accept a draft for $400.00, drawn on the defendant by one James M. Lemon, which said B. S. Compton, for the mere accommodation of said Carrington, accepted in the name of the defendant, as its president, it being the intent and understanding that the said Lemon should have the said draft discounted, and pay the proceeds thereof to said Carrington, and had no right to otherwise dispose of said draft ; that the said B. S. Compton heard no more of the matter, until the said note became due ; the said Lemon came from New York to Monroe, Michigan, and represented to the said B. S. Compton, that Carrington could not at that time pay the said draft, and desired a renewal thereof ; and the said B. S. Compton, president of the defendant, relying upon the representations of the said James M. Lemon, and believing from the said representations, that the said draft had been discounted for the benefit of said J. H. Carrington, renewed the said draft by accepting on behalf of the defendant the draft described in the

1877.
August Term.

Hale
v.
The West Va.
Oil and Oil Land
Company.

plaintiff's declaration, which draft the said James M. Lemon, fraudulently endorsed to E. C. Lawrence & Co., the said E. C. Lawrence being his son-in-law, and said Lawrence & Co. endorsed the same to plaintiff; the defendant therefore avers, that the said James M. Lemon procured the said draft to be so accepted as aforesaid by fraud, and that the said acceptance was made for no consideration whatever. And defendant avers that said Lemon did not endorse the said draft to E. C. Lawrence & Co. until after the maturity thereof. And this the defendant is ready to verify; therefore, it prays judgment, &c.

WEST VA. OIL AND OIL LAND COMPANY.

*By Counsel.*

"WEST VIRGINIA, RITCHIE COUNTY, SS:

"B. S. Compton, the president of the West Virginia Oil and Oil Land Company, being duly sworn, says that the facts and allegations set forth in the foregoing plea, so far as made upon his own knowledge, are true; and so far as made upon information, he believes them to be true.			"B. S. COMPTON.

"Taken, sworn to and subscribed before me, this 28th day of April 1875.

"WILLIAM H. DOUGLASS, *Clerk.*"

and proposed to file the same; to the filing of which plea, the plaintiff, by his counsel, objected, which objections, being argued by counsel and considered by the court, were sustained; and the court refused to allow the said plea to be filed. The only error assigned in the petition for a *supersedeas* is that, "it was error in the court to refuse and reject the special plea mentioned in" said bill of exceptions number one. The plea manifestly upon its face seeks to set up at least two several distinct matters of defense; but these matters of defense, if good, which it is now unnecessary to decide, are not so stated as to show a defense to the action. The burden of charging, as well as proving, fraud, is on the party alleging it; and while it is not necessary or proper that he should spread out in his pleading the evidence on

1877.
August Term.

Hale
v.
The West Va.
Oil and Oil Land
Company.
which he relies, he must aver fully and explicitly, the facts constituting the alleged fraud; mere conclusions will not avail: *Butler* v. *Viele*, 44 Barb. (N. Y.) 166; Gould's Pl., ch. 3 §2; Hilliard on Remedies for Torts, 2d ed., 257, and authorities there cited; 2d Saunders' Pl. & Ev., page 25, side page 527. It may be remarked that the plea fails to aver that the first bill was not discounted for the benefit of said Carrington, and it is averred, that the second bill was in renewal of the first, but it is not averred, that the said Carrington did not receive the benefit of the proceeds thereof. But on this subject generally, see 2 Rob. Pr. (new) 253, and cases there cited. If the matters set up in said plea were good as pleaded, and were good as defenses to plaintiff's action, the defendant would have no cause of complaint that his plea or pleas were rejected by the court, because he could not be prejudiced thereby, as appears by the record. As we have seen, the defendant pleaded *non-assumpsit*, on which issue was joined, and this plea was filed when said special plea was tendered and rejected. Said special plea, so far as it contains a defense to the action, in effect only amounts to the general issue. And the matters sought to be set up in said plea as defense, so far as they are good, if sufficiently pleaded could be given in evidence on the plea of *non-assumpsit*. It is not error to reject a special plea setting up matter in defense to the action, when the plea of *non-assumpsit* is filed, and the matter of defense of such plea may be given in evidence under the plea of *non-assumpsit*: *Baltimore and Ohio R. R. Co.* v. *Laffertys*, 14 Gratt. 478; *Baltimore and Ohio R. R. Co.* v. *Polly, Woods & Co.*, 14 Gratt. 454; *Fant et al.* v. *Miller & Mayhew*, 17 Gratt. 47; 5 Rob. Pr. (new) 255, and the numerous authorities there cited; 1 Chitty Pl. side page, 477 478; *Major's ex'r* v. *Gibson*, 1 Pat., Jr., & H. 76. In 2 Saund. on Pl. and Ev., top page 25 and side page 527, it is said: "where fraud is intended to be set up as a defense, it may be given in evidence under the

1877.
August Term.

Hale
v.
The West Va.
Oil and Oil Land
Company.

general issue in *assumpsit.*" For the foregoing reasons the circuit court did not err in rejecting said special pleas. The point, stated and made by the defendant's second bill of exceptions, is expressly waived by the defendant in his petition for a *supersedeas.* I therefore deem it unnecessary to further notice the second bill of exceptions.

For the foregoing reasons there is no error in the judgment of the circuit court, of which the plaintiff in error can complain in this Court.

The judgment of the circuit court is therefore affirmed, with costs and damages, according to law, in favor of the defendant in error, against the plaintiff in error.

JUDGMENT AFFIRMED.