## Staunton.

## FIRE ASSOCIATION OF PHILADELPHIA v. HOGWOOD.

### SEPTEMBER 16th, 1886.

1. PRACTICE AT COMMON LAW—*Continuance.*—Where a witness, who is an employee of the party asking for a continuance, and acting under that party's direction, and is a non-resident of this State, and whose attendance the court had no power to compel, is absent, a refusal of a continuance is not improper, especially when the court gave the party ample time to procure his attendance.

2. IDEM—*Special pleas—General issue.*—Where *non assumpsit* had been pleaded, and the matters set up in the special pleas offered by defendant are provable under that plea, there is no error in rejecting said special pleas. *Crews* v. *Farmers Bank of Virginia,* 31 Gratt. 348.

3. IDEM—*Irrelevant evidence.*—The rejection of evidence offered by defendant, of executions issued against the plaintiff in other suits, and returned "no effects," the policy whereon this suit was brought having been taken out for the benefit of a third person named in the policy, is not erroneous, the evidence being irrelevant.

4. IDEM—*Instructions—No evidence.*—Instructions not founded on any evidence in the cause, are properly refused.

5. IDEM—*Instructions—evidence.*—Where an instruction correctly propounds the law, and there is some evidence tending to prove the case supposed in the instruction, such instruction should be given.

6. IDEM—*Case at bar.*—When policy stipulates that broker effecting the insurance, shall be deemed agent of assured, and that if latter had other insurances at time the policy was issued, or afterwards procured, without consent in writing of company endorsed on policy, then the policy shall be void; and there was evidence tending to show that there was other valid insurance on the property, and that the company's agent had notice of such insurance; then an

instruction to the effect that if the party that effected the insurance was an insurance broker, he must be regarded as the assured's agent, and that if notice of the other valid insurance was given him, such notice was not notice to the defendant company, was proper, and should have been given.

Error to judgment of hustings court of city of Norfolk, rendered in an action of *assumpsit* upon a fire insurance policy, wherein J. H. Hogwood, for, &c, was plaintiff, and The Fire Association of Philadelphia, was defendant. Verdict and judgment were against the defendant, which, on sundry exceptions to the rulings of the court below, obtained a writ of error and *supersedeas* from one of the judges of this court.

Opinion states the case.

*Burroughs & Bro.*, for the plaintiff in error.

*Harmanson & Heath*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This is an action upon an insurance policy brought in pursuance of the provisions of section 14, chapter 167, Code 1873, in which there was a judgment for the insured, the defendant in error here. Whereupon the case was brought to this court by writ of error.

The first exception and first assignment of error here is as to the ruling of the court in refusing to continue the case for the absence of a material witness. There was no error in the ruling of the court on this point. The witness was not a resident of this State, and the court had no power to compel his attendance, and in fact did not refuse, but did continue the case for a sufficient time to allow the plaintiff in error to procure his attendance. He was an employee of the company and acted under its directions.

The second assignment of error is as to the rejection of the special pleas offered by the defendant. *Non assumpsit* had been pleaded, and the special pleas set up matter of defence admissible under that plea, and there was no error in the rejection of these pleas of which the defendant could complain or by which it was injured. *Crews* v. *The Farmers Bank of Virginia*, 31 Gratt. 348; *B. & O. R. R. Co.* v. *Whittington*, 30 Gratt. 805; *B. & O. R. R. Co.* v. *Polly Woods*, 14 Gratt. 453.

The third assignment of error is as to the action of the court in rejecting the evidence offered by the defendant of executions issued against the plaintiff in other suits, and returned no effects. This evidence was irrelevant to this action. The policy was taken out by the plaintiff in his name for the benefit of a third person named in the policy, and the defendant's responsibility could not be affected by that circumstance.

The fourth assignment is as to the rejection by the court of instruction No. 2 as to the keeping a gasoline pump on the premises; the rejection of instructions Nos. 4 and 6; and the modification of instruction No. 3.

Instruction No. 2 was not applicable to the case, there being no evidence tending to show such a violation of the terms of the policy—the only witness who testified on this subject proving that no such instrument was used, and there was no attempt to contradict or to impeach him; and no evidence offered with reference to the use of such a machine beyond this.

Instruction No. 3, as offered, was not supported by any evidence tending to show that the groceries and provisions, &c., were included in the estimates furnished, and the contrary was clearly established.

Instructions Nos. 4 and 6 were rejected by the court.

No. 4 was to the effect that if the party who effected the insurance was an insurance broker, then he must be regarded

as the agent of the assured; and No. 6, that if notice was given to the party who effected insurance, of other valid insurance, such notice was not notice to the company.

The policy contained a stipulation that any broker employed should be considered the agent of the insured, and that if the party insured had other insurance at the time of the issuance of the policy, or afterwards procured, without the consent in writing of the company indorsed on the policy, then the policy should be void.

There was evidence tending to show that there was other insurance on the property, and other evidence tending to show that the company's agent had notice of such insurance; and this being so, the instructions asked and refused were pertinent to the case on trial, and as they correctly stated the law, they should have been given by the court. The question as to whether the company or its agent had notice of a policy of insurance existing on the property at the time of the issuance of the policy of insurance sued on or not, or, if knowing it, waived it, was a question which the defendant had a right to submit to the jury in his defence; and, as it was applicable to the case and question at issue, the hustings court of Norfolk should have given the instructions; and its refusal to give them is error, for which this court will reverse the judgment of the said court and remand the case for a new trial to be had therein; when, if the said instructions should be again asked, and the evidence be the same substantially, they should be given.

It is not necessary to pass upon any other assignment of error in this case now before this court.

JUDGMENT REVERSED.