# CHARLESTON.

JOHN C. SUTHERLAND *et al.* v. W. M. GUTHRIE.

Submitted May 1, 1918.    Decided May 7, 1918.

1. PLEADING—*Striking Out Matter—Plea in Abatement.*
   As the facts averred in a special plea, denominated by the pleader a plea in abatement of the action, assumpsit, tend to show an assignment by the plaintiff of the claim sued on prior to the commencement of the action and are provable under the general issue in bar of the right to prosecute the action, the trial court did not err in sustaining the motion to strike the plea from the record. (p. 420).

2. APPEAL AND ERROR—*Certified Questions—Statute.*
   Matters relating to mere procedure by the court below cannot be certified to this court under the authority of § 1, Ch. 135, Code, as amended by the Acts of 1915. (p. 420).

Certified Questions from Circuit Court, Kanawha County.
Assumpsit by John C. Sutherland and others against W. M. Guthrie. Demurrer to plea in abatement sustained, and case certified to Supreme Court of Appeals on questions framed.

*Rulings approved, and case remanded for trial.*

*A. A. Lilly,* and *W. R. Lilly,* for plaintiffs.

*Jno. T. Simms,* for defendant.

LYNCH, JUDGE:

In assumpsit to recover commissions averred in the declaration to be due plaintiffs on an alleged real estate broker's contract to sell land, described as an option to sell, the defendant demurred to the declaration and to each of its two counts and tendered and was permitted to file what he terms a plea in abatement of the action, to which plaintiffs demurred and moved to strike it from the record; and the court, having ruled adversely to the defendant upon each demurrer and upon the motion, certified to this court, presumably under the authority of § 1, Ch. 135, Code, as amended by the acts of 1915, two questions: (1) whether it is necessary under the procedure obtaining in this jurisdiction to pass upon the sufficiency of the plea upon demurrer before ruling upon the demurrer to the declaration; (2) whether the plea is good upon a like challenge for sufficiency.

As to the first question it suffices to say that under no view or interpretation of the statutory provision cited is jurisdiction conferred upon circuit courts to certify, and upon this court to consider when so certified, matters relating exclusively to procedure. These can be adjudicated and determined by this court only upon the regular appellate process. The language of the statute itself furnishes its own interpretation and comprehends only "any question arising upon the sufficiency of a summons or return of service or challenge of the sufficiency of a pleading in any case within the appellate jurisdiction of the Supreme Court of Appeals," and manifestly does not embrace and was not intended to embrace questions pertaining to the order of legal procedure as the term ordinarily is employed and understood.

Although by counsel called a plea in abatement, does not the matter therein contained have all the essential character-istics of a complete bar to the recovery sought in the action? If the matter so averred is proved to exist and it defeats the action, may it not be proved under the general issue in assumpsit? To determine the real character of the pleading it

is not necessary to enter upon a discussion of the features distinguishing a plea in bar from a plea in abatement, the decisive question to be determined being the effect upon the right of the plaintiffs to recover and whether such defensive matter is provable under the general issue.

The matter averred and relied on to abate is that prior to the commencement of the action the plaintiffs by an instrument under seal had assigned and transferred to F. N. Alderson, to whom it appears from the exhibit made a part of the plea they had sold the land under the contract averred in the declaration, all their right, title and interest in such contract including the commissions for which they now sue; in other words and in substance that they had granted and assigned to him their right to demand and by a suit to enforce payment of the commissions that have accrued or will accrue from the sale of the land owned by the defendant, he to be compensated therefor by deducting the commissions from the price he agreed to pay for the lands so sold to him; or stated still differently, they have, according to the averments of the plea, sold and transferred to Alderson the very claim on which this action is based.

The defense predicated upon such a state of facts can be made in assumpsit under the general issue plea. An eminent author long since dead whose work survives as a monument to his legal learning said what is peculiarly pertinent in this connection, "that under the general issue any matter which showed that the plaintiff never had a cause of action might be given in evidence; and also that under the plea most matters even in discharge of the action which showed that at the time of the commencement of the suit the plaintiff had no subsisting cause of action might be taken advantage of." 1 Chitty, Pl. (11 Am. Ed.) 478. See also *Manchester Iron Mfg. Co.* v. *Sweeting,* 10 Wend. (N. Y.) 162. The modern tendency of the courts is towards a relaxation of the rigid rules upon the admissibility of evidence in actions of assumpsit and to allow any proof which tends to show the absence of plaintiff's interest in the contract sued on at the time of the pleading, and therefore that defendant was under no liability to him for the cause of action averred in the declara-

tion.  2 Greenleaf, Evidence, (15th Ed.) sec. 135.   The prevailing principle controlling the admissibility of evidence in defense of such an action is that anything which tends to show that plaintiff does not have a subsisting cause of action may be received under the general issue.  13 Enc. Evi. 764, *Whitley* v. *Booker etc. Co.*, 113 Va. 434; 16 Enc. Dig. 149. So that there can be no doubt of the right to prove at the trial upon the general issue all that the plea avers, and being of that opinion we approve the ruling thereon and remand the case for trial.

*Ruling approved, and case remanded for trial.*