ORAH B. BAKER *v.* F. L. LETZKUS

(CC. 467)

Submitted January 11, 1933. Decided March 28, 1933.

534

*Pinsky & Mahan,* for plaintiff.
*Ramsay & Wilkin,* for defendant.

KENNA, JUDGE:

Orah B. Baker, plaintiff, brought an action in assumpsit against F. L. Letzkus in the circuit court of Brooke County for $750.00. At August Rules, 1931, plaintiff filed her declaration, containing only the common counts in assumpsit. Accompanying the declaration, she filed an affidavit in the nature of an account, containing the following language:

> "The sum of $750.00 owing by the defendant to the plaintiff on the 17th day of June, 1927, when the said defendant received from the said plaintiff as the purported purchase price of Lot No. 56, in the Valley Terrace plan of lots, situate in Cross Creek District, Brooke County, West Virginia, and which amount, to-wit, $750.00 is owing by the defendant to the plaintiff by virtue of the Circuit Court of Brooke County, West Virginia, on the day, month and year last aforesaid stated, decreeing the deed which conveyed the said lot from the defendant to the plaintiff a nullity, and effecting a total want of consideration for which the $750.00 was paid by the plaintiff to the defendant therefor. Interest on the said amount from the 17th day of June, 1927, to date: $185.62."

A bill of particulars, also filed with the declaration, contained substantially the same language as that just quoted from the account.

Defendant demurred to plaintiff's declaration, attempting also to reach the bill of particulars, and filed a plea of the statute of limitations and a special plea, alleging that "the

said deed was without warranty of any kind or character and did not in any manner guarantee the title to the land so conveyed.'' Plaintiff interposed a demurrer to each of the pleas; and the court, having overruled both defendant's demurrer to the declaration and plaintiff's demurrer to the pleas, upon joint motion of the parties certified the case to this court for determination of the sufficiency of the pleadings.

Logically, the trial court's overruling the demurrer to the declaration is first to be considered.

The grounds of defendant's demurrer were (1) that neither the declaration nor the bill of particulars contained allegations of any contractual breach, that the bill of particulars alleges that the matter arose from the making of a deed, and that ''if a deed, it would necessarily be under seal, and therefore no cause of action would lie under the action of assumpsit''; and (2) that the breach, if any, in the contract between plaintiff and defendant is not assigned so as to show the subject matter of the complaint. It will be recalled that the declaration contained only the common counts in assumpsit, to which there can be no demurrer. *Robinson* v. *Board of Education*, 70 W. Va. 66, 73 S. E. 337. Likewise, since a bill of particulars is no part of the declaration, a demurrer does not reach matter contained therein, *Riley* v. *Jarvis*, 43 W. Va. 43, 26 S. E. 366; *Adkins* v. *County Court*, 94 W. Va. 460, 462, 119 S. E. 284; *State* v. *Tomlin*, 86 W. Va. 300, 304, 103 S. E. 110; or an account filed with a declaration in assumpsit. *Norfolk* v. *Norfolk County*, 120 Va. 356, 91 S. E. 820. We therefore affirm the trial court in overruling defendant's demurrer.

In so far as the demurrer to the defendant's plea of the statute of limitations is concerned, plaintiff says therein that the plea is bad ''inasmuch as the cause of action set forth in the declaration and bill of particulars did not accrue until June. 1927.'' She says that this appears from the declaration and bill of particulars. The declaration does so state. But the purpose of the plea of the statute of limitations filed by the defendant is to take issue with that averment and allege that the cause of action arose at a different date, thus raising an issue of fact to be tried. Such a situation would form no basis for sustaining a demurrer to the plea of the statute of limitations, and the trial court was clearly right in overruling the de-

murrer upon the ground assigned. We direct attention to the fact, however, that the defendant's plea of the statute of limitations expressly avers "that the supposed cause of action in the declaration in this action mentioned is founded upon a deed made and executed by the said defendant, F. L. Letzkus, to the said Orah B. Baker", on October 1, 1924, and pleads the period of five years' limitation instead of the ten-year period, thus making the plea defective on its face. The demurrer in writing does not assign this fact as ground, but the case is certified here to determine the sufficiency of the pleadings. Therefore, the action of the trial court in overruling plaintiff's demurrer to defendant's plea of the statute of limitations is reversed, with leave to the defendant to amend his plea.

The special plea filed by the defendant, after averring that the plaintiff's cause of action is founded upon the deed hereinbefore referred to, further avers "that the said deed was without warranty of any kind or character and did not in any manner guarantee the title to the land so conveyed."

The question presented is whether recovery can be had of the consideration paid for land after total failure of title, but in the face of a subsisting deed containing no warranty of title.

This court has heretofore held that a grant of land is a mere transfer of such title or rights thereto as the grantor, at the time of the grant, may hold or have, absolutely or contingently, and that a grant does not imply an assertion of title in the grantor, or a covenant with the grantee·to warrant the land. *Western Mining & Mfg. Co.* v. *Coal Co.*, 8 W. Va. 406, Pts. 24 and 25 Syl.; *Listing* v. *Rodes*, 96 W. Va. 38, 41, 122 S. E. 282.

Plaintiff below insists that this question is controlled by the principle laid down in *Garber* v. *Armentrout*, 32 Gratt. 235. Without passing upon the question as to the extent that the *Armentrout* case should finally control in the ultimate determination of the case at bar, on the basis of the pleadings certified to us, we do not believe that its application is apparent. In the *Armentrout* case the deed between the immediate parties to the transaction had been held an absolute nullity at the suit of the grantor. It stood for nothing. The special plea here predicates a defense upon

the fact that the deed between the immediate parties concerned is a subsisting instrument and as such stands as the exclusive evidence of the undertaking between the plaintiff and defendant. If this be true, then under the cases just referred to, the deed between the parties as set out in the plea would serve to evidence the fact that no warranty, either express or implied, can be invoked. True, the bill of particulars sets up the fact that the deed in question had been held to be a complete nullity by decree of the circuit court of Brooke County in a suit to which both plaintiff and defendant here were parties. But we cannot look to the bill of particulars in determining the legal questions which arise upon this plea. It is no part of the declaration and the plea does not reach matter therein contained. *Riley* v. *Jarvis*, 43 W. Va. 43, 47, 26 S. E. 366. Without, therefore, attempting to anticipate the questions which may arise when proof is adduced in the trial of this case, we hold the special plea good as to substance.

Having, therefore, concluded that the subject matter of this plea and its substance is matter of sound defense, we are still confronted by the question of whether it is matter that is properly set up in a special plea as distinguished from the general issue. The plea expressly avers that the supposed cause of action is based upon a deed, and then proceeds to allege additional facts for the purpose of showing that the deed in question contains no covenants of title and consequently would not form the basis of plaintiff's cause. It, therefore, constitutes a denial of plaintiff's very cause of action. Out of all the confusion concerning the distinctions between matter that should be specially pleaded and matter that should be relied upon under the general issue, perhaps we may state one or two settled principles. Matter amounts to the general issue when it denies or traverses some material part or all of plaintiff's primary cause of action. Under all of the authorities such matter should be relied upon under the general issue. The next class of matter is that that may be either specially pleaded, or *relied* upon under the general issue (sometimes erroneously spoken of as *provable* under the general issue). Such matter as payment, release, infancy, accord and satisfaction, gaming and coverture etc. belong to

538

this class. Then there is a class of matter which cannot be availed of under the general issue but *must* be pleaded specially, such as statute of limitations, bankruptcy, tender, perhaps the statute of frauds, in some instances, etc. The confusion that has arisen in the books exists because the terms "amounts to the general issue" and "provable under the general issue", as applied to the subject matter of the plea, have been used interchangeably. The meaning is different. The rule is not difficult to state. Matter by way of confession and avoidance which gives color to plaintiff's action, may always be specially pleaded, whether it may be availed of under the general issue or not. If the matter gives no color to plaintiff's action, but simply denies what plaintiff must affirmatively prove to sustain his declaration, then it may not be specially pleaded but must be relied upon under the general issue. To say that every defense which does not amount to the general issue may be specially pleaded, would be to deprive the trial court of a discretion, the sound exercise of which would result in simplified presentation of cases. See 6 Va. Law Reg., p. 769.

The above observations have been indulged in only after an exhaustive examination of the authorities as they affect the rule in Virginia and in West Virginia. Not with the purpose of either approving or disapproving the rule as it is set out in any of them, the authorities examined are set forth for convenience and in the hope that their arrangement here may facilitate the work of future examiners into this question. They are as follows:

Porter v. Harris (1802), 4 Call. 485;
Maggort v. Hansbarger (1837) 8 Leigh 532;
Major's Ex'r. v. Gibson (1856), 1 Pat. & H. 48;
B. & O. R. R. Co. v. Polly (1858), 14 Gratt. 447;
Fant v. Miller (1866), 17 Gratt. 47;
B. & O. R. R. Co. v. Whittington's Admr. (1878), 30 Gratt. 805;
Crews v. Farmers Bank of Va. (1879), 31 Gratt. 348;
Fire Association v. Hogwood (1886), 82 Va. 342, 4 S. E. 617;
Fire & Marine Ins. Co. v. Buck & Newsom (1891), 88 Va. 517, 13 S. E. 973;
Campbell v. Angus (1895), 91 Va. 438, 22 S. E. 167;
Richmond, etc., R. R. Co. v. N. Y. Etc. R. Co. (1897), 95 Va. 386, 28 S. E. 573;

West End Real Estate Co. v. Claiborne (1900), 97 Va. 734, 34 S. E. 900;

C. & O. R. Co. v. Rison (1900), 99 Va. 18, 37 S. E. 320.

Bank v. Evans (1876), 9 W. Va. 373, 382;

Hale v. W. Va., etc., Co. (1877), 11 W. Va. 229, 236;

Douglass v. Land Co. (1878), 12 W. Va. 502;

Moore v. Supervisors (1881), 18 W. Va. 630, 641;

Travis v. Peabody (1886), 28 W. Va. 583 (pt. 4 Syl.);

Van Winkle v. Blackford (1886), 28 W. Va. 670, 681;

Morgantown Bank v. Foster (1891), 35 W. Va. 357, 13 S. E. 996;

Brown v. Pt. Pleasant (1892), 36 W. Va. 290, 302, (pt. 4 Syl.), 15 S. E. 209;

Dillon Beebe's Son v. Eakle (1897), 43 W. Va. 502, 511, (pt. 2 Syl.), 27 S. E. 214;

Bennett v. Perkins (1900), 47 W. Va. 425, 428, (pt. 1 Syl.), 35 S. E. 8;

Richards v. Riverside Iron Works (1904), 56 W. Va. 510, 516, 49 S. E. 437;

Raleigh County Court v. Cottle (1917), 79 W. Va. 661, 662, 92 S. E. 110;

Sutherland v. Guthrie (1918), 82 W. Va. 419, 421, (pt. 1 Syl.), 96 S. E. 61;

Bank v. Freeman (1919), 83 W. Va. 477, 479, 98 S. E. 558;

State v. Turner (1919), 84 W. Va. 485, 489, 100 S. E. 294.

Cooley's Blackstone (*306), p. 1081;

Chitty on Pleading, 478a, 513;

Robinson's Practice, 255;

Andrews Stephens, Pleading, 229, 241;

Minor's Institutes, Vol. IV, Pt. 1, (32d Ed.), p. 782, Vol. IV, Pt. II, p. 1258;

Burks Pleading & Practice, 100, 157;

IV Virginia Law Reg., 769;

Coke upon Lyttleton, Vol. 3, p. 443.

Newton v. Creswick, 3 Mod. 165, 87 Eng. Rep. 107;

Hackshaw v. Clerke, 5 Mod. 315, 87 Eng. Rep. 677.

It is clear that under the rule, the special plea filed in this cause, amounts only to the general issue. It attacks and traverses the very substance of plaintiff's right of action. The matter set up in it therefore should be relied upon under the general issue and not be specially pleaded. This question was not specifically raised in the trial court, but since the case

is certified on the sufficiency of the pleadings, we are of opinion that the special plea should not have been received in the court below but that the issue should have been made up under a plea of *non assumpsit*. The question certified is so answered, the action of the trial court in receiving defendant's special plea is reversed, with leave to defendant to further plead.

The action of the trial court in overruling the demurrer to the declaration is sustained; the action in overruling the demurrer to the plea of the statute of limitations is reversed; and the action in receiving the defendant's ''special plea'' is reversed.

*Affirmed in part; reversed in part.*