# CHARLESTON.

## FLEMING *v.* KERNS.

Submitted September 15, 1892.—Decided December 22, 1892.

1. FRAUD—BURDEN OF PROOF—VENDOR'S LIEN—DEFICIENCY.

   In a suit in equity to enforce a vendor's lien, where fraud and misrepresentation on the part of the plaintiff are relied on by the defendant in his answer as to the quantity of the land which was conveyed to the defendant by the plaintiff without warranty,

and the deed has been accepted and recorded by the defendant, the burden of proving such fraud and misrepresentation rests upon the defendant.

2. FRAUD—EVIDENCE.

> Where fraud and misrepresentation on the part of the plaintiff are alleged in the answer of the defendant, and denied by the plaintiff, in order that the defendant should sustain such defence he must preponderate in the evidence.

U. N. ARNETT and J. A. HAGGERTY for appellant, cited 19 W. Va. 442, p't 20, Syll.; Id. 489, 490; Id. p't 17, Syll; Id. p't 15, Syll.; Id. 501; 22 W. Va. 247; 33 W. Va. 531; 7 Am. Dec 611, p't 2, Syll; 55 Am. Dec. 111.

H. G. LINN for appellee, cited 1 Rand. 484; 7 Am. Dec. 611; 8 Leigh 658; 7 Gratt. 234; 9 W. Va. 119; 2 Dev. Deeds § 957; 1 Tuck. Com. 236 & n.; 2 Min. Inst. 631, 632; 2 Johns. Ch'y 522; 5 Johns. Ch'y 79; Hutch. Treat. § 809.

ENGLISH, JUDGE :

This was a suit in equity brought by Thomas W. Fleming against George A. Kerns in the Circuit Court of Marion county for the purpose of enforcing a vendor's lien against a certain lot of land situated in said county, which, in consideration of one thousand. dollars—three hundred dollars cash in hand, the residue seven hundred dollars to be paid in three payments, to wit, three hundred dollars to be paid on the 1st day of April, 1885, two hundred dollars to be paid on the 1st day of October, 1885, and the balance, two hundred dollars, to be paid on the 1st day of April, 1886, the two deferred payments of two hundred dollars each to bear interest from the 1st day of April, 1885—to said Thomas W. Fleming, was conveyed by deed bearing date on the 17th day of March, 1885, to the said George A. Kerns, which deed was properly acknowledged and delivered by the plaintiff to said George A. Kerns, and which deed the said George A. Kerns had recorded in the clerk's office of the County Court in Deed Book No. 35, p. 376, a copy of which was filed with the plaintiff's bill. A lien was reserved on the face of said deed upon said land for the amount of the said deferred payments of the purchase-money to secure the payment of the same.

The plaintiff, Thomas W. Fleming, states these facts in his bill, and further alleges for the three deferred payments of said unpaid purchase-money for said land the said George A. Kerns executed his three several promissory notes, payable to complainant—one for three hundred dollars, due on the 1st day of April, 1885, and dated the 17th day of March, 1885, which the said defendant has fully paid off and taken up; one for two hundred dollars, dated March 17, 1885, due October 1, 1885, with interest from April 1, 1885; and one for two hundred dollars, dated on the 17th day of March, 1885, due April 1, 1886, with interest from the 1st day of April, 1885; and that said defendant did on the 4th day of February, 1887, pay twenty seven dollars and seventy four cents on said note for two hundred dollars due October 1, 1885, also twenty dollars on the last aforesaid note on the 24th day of December, 1887, which left due the plaintiff from said George A. Kerns on said note, including proper interest to the 14th day of March, 1890, the sum of two hundred and eight dollars and eighty two cents, which is yet unpaid, which note was filed as an exhibit; that the said note of two hundred dollars, due April 1, 1886, which was therewith filed, was wholly unpaid and justly due the plaintiff, and, including proper interest, would on the 4th day of March, 1890, amount to two hundred and fifty nine dollars and fourteen cents, making a total of four hundred and sixty seven dollars and ninety six cents, including said two hundred and eight dollars and eighty two cents due the plaintiff of said purchase-money for said land from said George A. Kerns, which plaintiff alleges constitutes a vendor's lien on said land, which he is entitled in a court of equity to have enforced by a sale of said land to satisfy said lien; and he prays that said land may be sold under the direction of the court to satisfy said lien and costs. A duly certified copy of said deed was filed with the plaintiff's bill, from which it appears that said lien was reserved on the face thereof, but said deed contains no warranty, either general or special.

The defendant, George A. Kerns, filed a lengthy answer to the complainant's bill, in which he says that for several days before the 17th day of March, 1885, the plaintiff,

Thomas W. Fleming, repeatedly came to respondent and represented and stated to respondent that he was the owner in fee simple of all that certain tract of land described as situated in Fairmont district in Marion county, W. Va., near Uztown, adjoining the lands of Francis H. Pierpont, John B. Lewis, and others, and also repeatedly represented and stated to him that the said tract was owned by him in fee simple, and was bounded as follows (giving the boundaries as they are set forth in said deed) and that he was the exclusive owner in fee simple of the land lying within the said boundary, together with all the appurtenances thereunto belonging, and that he had good right and title to convey all the land lying within said boundary, and all of the appurtenances thereto belonging, and that he never at any time made any reservation of any of said land included within said boundary; that he had contracted with the West Virginia & Pennsylvania Railroad Company for a right of way for its railroad over said boundary of land at the sum and price of three hundred and twenty five dollars, to be paid by said company, and that said sum was to be paid in a very short time thereafter, and that he would assign to respondent said contract for said sum of three hundred and twenty five dollars, and that respondent could in a short time collect said sum, and have the benefit of the same in paying for said land; and at all and every of the said times importuned and solicited respondent to purchase said tract of land bounded as aforesaid, and assured and represented to respondent that he could and would convey the same to him by deed containing covenants of general warranty, and that he could and would make to respondent good and clear title to the whole of said tract or parcel so bounded, and all of the appurtenances thereunto belonging, and that the same was free from incumbrance, and free from any other claim or claims adverse to that of said Fleming; and that, relying on and confiding in the said representatives and assurances, he, on the 17th day of March, 1885, consented to and did purchase the whole of said tract or parcel of land, bounded as aforesaid; that pursuant to said deed of conveyance, he immediately moved on said tract of land, and undertook to assert his title to the

whole of said tract of land, and undertook to dig and take from a coal bank on a portion of said land the coal underlying a portion of said land, but was immediately notified by one D. N. Snider to cease taking coal therefrom, and that said coal underlying thirty five one hundredths of an acre thereof was owned by said D. N. Snider under perfect and complete title, and that plaintiff never had any title thereto, and upon examination of the records he found his claim to be correct; and he was also notified by J. B. Lewis that he was the sole owner, and claimed that portion of said land lying across the county road from the main body of said land, containing thirty one one hundredths of an acre, included in said boundary, which claim, on examination, he also ascertained to be correct; that although he has continued to reside on said lot of land, said railroad has not as yet paid him for said right of way the three hundred and twenty five dollars, which said Fleming promised and assured respondent would be done in a short time; that said representations and statements of said Fleming to respondent were and are in the main false, fraudulent and untrue, and that said Fleming, at the time he made them, well knew them to be false, fraudulent, and untrue, and that they were made to cheat and defraud respondent, and that in the said transactions the said Fleming has practiced and perpetrated a fraud upon respondent and his rights, by reason of said false and fraudulent representations of said Fleming and the losses aforesaid and deficiency in said land, to the amount of seven hundred and twenty five dollars, and he is entitled by reason of the same to an abatement of the whole of the said purchase-money still claimed to be due thereon, and, in addition thereto, to have the said Fleming refund to respondent a sufficient sum to make up said seven hundred and twenty five dollars damages aforesaid, to wit, two hundred and sixty dollars, and that respondent should continue to hold and own a portion of said land and appurtenances not so lost; and he prays that it may be so decreed.

To this answer the plaintiff replied generally and specially, thereby putting in issue the affirmative allegations contained in said answer.

Depositions were taken and filed by both the plaintiff and defendant, and on the 13th day of March, 1891, a decree was rendered in said cause ascertaining that on the 3d day of March, 1891, there was due the plaintiff from the defendant the sum of four hundred and ninety two dollars and eighty cents, and that the same was a lien on the real estate mentioned and described in the bill and exhibits in the cause ; and directed that unless the said George A. Kerns, or some one for him, should pay to plaintiff the said sum, with interest thereon from the 3d day of March, 1891, and the costs of said suit, in thirty days from the rising of the court, a special commissioner therein appointed for the purpose should advertise and sell said property, upon the terms therein prescribed, for the satisfaction of the plaintiff's claim aforesaid, and costs, which claim was declared the first lien on said land ; and from this decree the defendant appealed to this Court.

In arriving at a proper determination as to whether the Circuit Court was correct in coming to the conclusion it did, and in rendering the decree complained of, our attention is first directed to the fact that the allegations of fraud and misrepresentation were made by the defendant in his answer, and the general and special replications filed by the plaintiff put these allegations in issue, and gave the defendant the laboring oar to establish the same.

The deposition of the defendant was taken in the case in support of his allegations, and, while he deposes positively as to the representations made by the plaintiff about the time of the purchase, he admits that at the time the deed was made the same was read to him, and he says D. N. Snider notified him when he first moved on the tract that he owned the coal under the thirty five one hundredths of an acre, and the right of way thereto, and Bessy Lewis claimed the thirty one one hundredths of an acre the second year after he purchased, which was in 1886, and yet it appears that the defendant made two payments on said land in the year 1887.

The deposition of the plaintiff was also taken, and he positively denies any fraud or misrepresentation on his part; that the defendant was well acquainted with the land ; that

he (plaintiff) had but recently purchased it from Mrs. Compston, and that he only proposed to sell defendant the land inclosed, and said to him that he was as well acquainted with the lines as plaintiff was, and defendant replied that he knew what was there, and was willing to accept it; that he told defendant he would make him a deed, but would not make any warranty, and make him a deed just such as he agreed to make him; that the thirty one one hundredths of an acre between the county road and the Baltimore & Ohio Railroad was never inclosed with the balance of the property; that he never considered it a part of said tract, and did not tell defendant that this land, which he says Bessy Lewis took from him, belonged to this Compston property, and that he traded with the defendant as fairly and honestly as it is possible for one man to trade with another; that he never knew but what Mr. Kerns, the defendant, was perfectly satisfied with the purchase of the property until after this suit was instituted; that he frequently requested him to pay these notes off, and he begged further time, upon the plea that he had been unfortunate in losing a horse, and wanted to replace it, but that he never intimated to plaintiff that he did not get all the land that plaintiff sold him; nor did he say anything about Bossy Lewis claiming part of the land, and that he never gave defendant any assurance that said railroad would take up that option and pay him the money, but just told him how the matter was.

The plaintiff is corroborated in some of his statements by the deed which was accepted by the defendant. On the face of it the plaintiff assigns to said Kerns all his claim against said railroad company as the same was assigned to him by said Compston, and the deed contains no warranty. This must then be regarded as only a quitclaim deed; and Hermann on Estoppel (volume 2, p. 804) says:

"A grantor conveying by deed of bargain and sale, by way of release or quitclaim of all his right and title to a tract of land, if made in good faith, and without any fraudulent representations, is not responsible for the goodness of the title beyond the covenants in his deed. A deed of this character purports to convey, and is understood to con-

vey, nothing more than the interest or estate of which the grantor is seised or possessed at the time, and does not operate to pass or bind an interest not then in existence."

In the case of *Hale* v. *Land Co.,* 11 W. Va. 229, this Court held that the "burden of charging and proving fraud is on the party alleging it; and, while it is not necessary or proper that he should spread out in his pleadings the evidence on which he relies, he must aver fully and explicitly the facts constituting the alleged fraud; mere conclusions will not avail."

In the case of *Pusey* v. *Gardner,* 21 W. Va. 469, this Court held that "the burden of charging as well as proving fraud, mistake, or misrepresentation is on the party alleging it, and a plaintiff is no more entitled to recover without sufficient averments in his bill than he is without proof of his averments when properly made. The one is as essential as the other, and both must concur, or relief can not be granted."

In the case under consideration, fraud and misrepresentation were alleged by the defendant and denied by the plaintiff. Upon this issue, the defendant, in order to succeed in his defence, must preponderate; and if we consider the testimony given by the parties themselves, and regard them of equal credibility, the defendant must fail, for the reason that the state of facts deposed to by the defendant is positively denied by the plaintiff, and the plaintiff is corroborated, not only by the character of the deed made, delivered, and accepted by the defendant, but by the further fact that the defendant made payments on the land after he knew that Bossy Lewis claimed thirty one one hundredths of an acre, and D. N. Snider the coal under thirty five one hundredths of an acre, and never made any complaint in regard to this deficiency in quantity until after this suit was brought.

The defendant having failed to sustain these allegations, in the light of the entire circumstances of the case, our conclusion is that the decree complained of should be affirmed, with costs and damages.

AFFIRMED.